The People of the State of New York ex rel. John Lardner and Another, Appellants, v. Samuel A. Carson, Respondent.

Code Civ. Proc. §§ 1948 and 766 — successive incumbents of the office of Attorney-General — need not be individually substituted as attorney in an action — practice of the Attorney-General's office an exception to the rules of practice — order, when not ex parte — order striking a cause from the calendar — when reviewed on appeal.

The duty prescribed by section 1948 of the Code of Civil Procedure, in relation to actions by The People of the State of New York, is an official one pertaining to the office of Attorney-General, and not to the person who at any time happens to be the incumbent of the office; it is a duty which goes with the office and devolves in turn upon each incumbent, and it is contrary to the theory of the action and to the spirit of such statute that each successive incumbent of the office of Attorney-General should be required to be individually substituted for his predecessor by an order of the court, before he can proceed in behalf of the People with the prosecution of those actions which are pending when he succeeds to such office.

When an objection is made to the conduct of an action brought by the Attorney-General of the State in behalf of the People, founded only upon a rule of practice of the court, the practice of the Attorney-General's office may well be considered as establishing an exception to such rule where the uniform practice of that office is contrary to such rule of the court.

An order is not granted ex parte where notice of the application therefor was given on the spot, and an opportunity to be heard given, of which the parties opposing the granting thereof availed themselves, although no notice, for any prescribed period of time, of such application was given in writing.

An order striking a cause from the calendar of a Circuit Term of the Supreme Court affects a substantial right of the party opposing the granting thereof, and the fact that such case cannot be restored to its place on the calendar of the court, from which it was stricken, for the reason that the court has adjourned without day, does not prevent a review of such order upon appeal.

The provisions of section 766 of the Code of Civil Procedure relate to the continuance of an action by the substitution of a party plaintiff and not to the substitution of an attorney.

Appeal by the plaintiff, The People of the State of New York ex rel. John Lardner and another, from an order of the Supreme Court, made at the Niagara Circuit and entered in the office of the clerk of the county of Niagara on the 20th day of February, 1894, granting the defendant's motion to strike the case from the calendar of the Niagara Circuit.

*W. H. Ransom,* for the appellant.

*Charles Hickey,* for the respondent.

DWIGHT, P. J.:

This action, which was in the nature of quo warranto for the office of superintendent of the poor of Niagara county, was begun in 1893 by Mr. Rosendale, then Attorney-General of the State, as attorney for the plaintiffs, and, being at issue, was noticed for trial in January, 1894, by Mr. Hancock, who in the meantime had succeeded Mr. Rosendale in the office of Attorney-General. The new Attorney-General also procured the cause to be put on the calendar of the Niagara Circuit, for which it was noticed, and was in attendance by counsel to try the same, when, on motion of the defendant, and after hearing counsel for the plaintiffs in opposition thereto, the court struck the cause from the calendar on the ground, as stated in the order, that the Attorney-General who noticed the case for trial was not the same person who brought the action, and had not been substituted for him as attorney for the plaintiffs.

The order was manifestly wrong. The action was brought by the Attorney-General of the State in behalf of the People and another as plaintiffs, in performance of a statutory duty. Section 1948 of the Code of Civil Procedure provides that " the Attorney-General may maintain an action upon his own information or upon the complaint of a private person * * *: 1. Against a person who usurps, intrudes into or unlawfully holds or exercises within the State * * * a public office, civil or military." The section occurs in the 1st title of chapter 16 of the Code, and the title is of " Actions in behalf of the people."

The duty here prescribed is an official one and pertains to the office of Attorney-General and not to the person who at any one time chances to be the incumbent of the office; a duty which goes with the office and devolves in turn upon each incumbent as he succeeds thereto. The officer of the State who noticed this cause for trial was to all intents and purposes the same officer who originally brought the action, viz., the Attorney-General of the State, upon whom is charged the duty of bringing and maintaining this action. It is contrary to the theory of the action and to the spirit of the

statute that each successive incumbent of the office of Attorney-General should require to be individually substituted for his predecessor by an order of the court before he can proceed with the prosecution of those actions in behalf of the People which are pending when he succeeds to the office.

There is also evidence in the record before us that, as we might well suppose, the proposition to substitute is contrary to the uniform practice of the Attorney-General's office as far back as the memory goes of any person connected with that department of the government of the State, and the suggestion of counsel for the plaintiffs is not impertinent, to the effect that, in the matter of an objection founded, as this is, only upon a rule of practice of the court, the practice of the Attorney-General's office might well be considered ·as establishing an exception to the rule, if that were necessary.

The objections to this appeal are without force. The order appealed from was not granted *ex parte*, but was made upon notice — not notice in writing nor of any prescribed period of time, but notice on the spot — and an opportunity to be heard, of which the plaintiffs availed themselves, and without which the court would, certainly, not have made the order. The order affects a substantial right of the plaintiffs, namely, their right to have their cause tried, according to their notice of trial, when reached on the calendar. The fact that the same cannot be restored to its place on the calendar of a court which has adjourned without day is not conclusive against a review of the order. The plaintiffs have a right to have the practice settled, with a view to future attempts to bring their cause to trial, and the precedent of the decision at the February Circuit might stand in their way if not reversed.

Section 766 of the Code of Civil Procedure has no application to this case. The provision there is for the continuance of the action by the substitution of a party plaintiff and not for the substitution of an attorney.

The order appealed from should be reversed, with costs.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements.