CATHARINE SCHOONMAKER, Respondent, *v.* LEONARD BLASS, Appellant, Impleaded with SARAH C. SCHOONMAKER.

*Amendment of a complaint upon the trial — extent of such an amendment authorized in a mortgage foreclosure suit.*

The court has power, under section 723 of the Code of Civil Procedure, to direct an amendment of the complaint upon the trial of the action.

The complaint in an action brought to foreclose a mortgage on real estate stated a good cause of action, but the relation of one of the defendants to the cause of action did not appear, his name appearing as a defendant in the title of the action in the summons and complaint, but not appearing in the body thereof.

The action coming on for trial the court ordered the cause stricken off the calendar, and that the complaint be amended by "alleging a cause of action against the said defendant."

*Held*, that it was clearly competent for the court at the trial to correct the mistake by permitting the insertion of an allegation material to the case, but that the order granted was too broad in its terms, as it permitted the plaintiff to allege any cause of action against such defendant, and that such order would be so modified on appeal as to permit the insertion of an' allegation in the complaint showing that such defendant had some interest in the mortgaged premises which arose subsequent to the mortgage, or some other material connection with the cause of action therein alleged.

APPEAL by the defendant, Leonard Blass, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of January, 1895, amending the complaint in the above-entitled action, and also from an order made at the Kings County Special Term and entered in said clerk's office on the 15th day of February, 1895, denying the said defendant's motion to vacate and set aside said order amending the complaint.

*Isaac N. Miller*, for the appellant.

*John Andrews*, for the respondent.

BROWN, P. J. :

This action was brought to foreclose a mortgage on real estate.

The appellant was made a party defendant, his name appearing as such in the title of the action in the summons and complaint. He was not, however, named in the body of the complaint, and there was nothing therein to show what connection he had with the mortgaged property or the cause of action alleged in the pleading. He served an answer containing a general denial of the allegations of the complaint.

The order appealed from recites that, upon the action coming on for trial, the court ordered it marked off the calendar, and that the complaint be amended by "alleging a cause of action against the said defendant."

The court had power, under section 723 of the Code of Civil Procedure, to direct an amendment of the complaint upon the trial.

A good cause of action was stated in the complaint, but the relation of the appellant to that cause of action did not appear, and it was clearly competent for the court at the trial to correct

that mistake by permitting an insertion of an allegation material to the case.

The order granted is, however, too broad in terms, as it permits the plaintiff to allege any cause of action against the appellant. It should be modified by permitting the insertion of an allegation in the complaint showing that the appellant has some interest in the mortgaged premises subsequent to the mortgage, or some other material connection with the cause of action therein alleged, and, as so modified, is affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order modified, so as to permit the insertion of an allegation in the complaint showing that the appellant acquired an interest in the mortgaged premises subsequent to the mortgage, or some material connection with the cause of action therein alleged, and, so modified, affirmed, with costs and disbursements.