CULLEN, J.
This action has been twice tried. On each trial, plaintiff has recovered a verdict, and had judgment entered in his favor. Both judgments have been reversed by the general term, and a new trial ordered. On the second trial the court permitted certain amendments to the plaintiff’s complaint. When the cause was brought on at circuit for a third trial, and after the impaneling of a jury therein, the order appealed from recites that the plaintiff moved “that this trial proceed upon such amended com *148 plaint and answer of the defendant, and not upon the original complaint and answer of the defendant, and requesting the court to pass upon the question at this stage of the proceedings.” It was ordered that the said motion be denied. The plaintiff was allowed to withdraw a jurer, and the case went off for the term. We sec no authority for this appeal. The juror having been withdrawn, there was simply a mistrial. The order appealed from neither granted any amendment to the pleadings, nor denied any application for amendment. The law directs how trials shall proceed, and no order of the court thereon was either requisite or appropriate. The action complained of was in fact a mere ruling on the trial, or rather an expression of opinion of how the court would rule when the question actually arose, which could only occur during the progress of the trial. Intimations are sometimes given by the court as to its view on a question of law, which will determine the result of the trial, in advance of the occasion which calls for the ruling, for the purpose of saving time, both of the court and counsel. In such case it is the duty of the party aggrieved to put his evidence or case in such position as will properly present the question involved, submit to an adverse result, and review the ruling either on appeal from the judgment. or by a motion for a new trial There is no authority, however, for reviewing any ruling of the court upon the trial, save by exception and subsequent appeal. There was no more authority for entering an order on the ruling of the court made at the opening of the case than there would have been on a ruling made either in the exclusion of evidence, or in the charge to the jury on the same subject. The so-called ruling or order of the court was a mere expression of opinion, which in no wise can control any subsequent trial. As to the future, it is a mere nullity, but the plaintiff cannot raise this objection, as the order seems to have been entered at his request. The cases cited by the plaintiff are not in point. In People ex rel. Lardner v. Carson, 78 Hun, 544; 61 St. Rep. 161, there was no ruling on the trial, but the court refused to allow the cause to proceed to trial, and struck it from the calendar. This action of the court violated'a substantial right of the plaintiff, for he must go to trial before there could be any judgment rendered in the action from which he could appeal. It was therefore justly the subject of review, either by appeal or by mandamus, and no question as to the propriety of the remedy appears to have been raised. In Schoonmaker v. Blass, 88 Hun, 179; 68 St. Rep. 382, the order appealed from granted an amendment to the pleadings, and such amendment was not made as upon trial, for the cause was put over the term. Such an order was unquestionably the subject of direct review.
The appeal should be dismissed, but, as we regard the order appealed from as a nullity, there shquld be no costs of this appeal.
All concur.