# New York Supplement

## VOLUME 52,

AND

## New York State Reporter,

## VOLUME 86.

---

### KNOWLES v. LICHTENSTEIN.

(Supreme Court, Appellate Division, Second Department.   June 7, 1898.)

APPEALABLE ORDER—MOTION TO STRIKE FROM CALENDAR.
    Where a motion to strike a cause from the short-cause calendar is denied, and, when the case is called, the trial judge directs, against objection, that the trial proceed, it is this latter direction which is the real determination or decision of the court, which is to be considered a ruling on the trial, under Code Civ. Proc. § 992, and is the subject of exception, to be corrected, in a proper case, by appeal from the judgment or by motion to set it aside; and it is not the proper practice to appeal from the order denying the motion to strike from the calendar.

Appeal from special term, Kings county.

Action by Edwin Knowles against Paul Lichtenstein.   From an order denying defendant's motion to vacate an order entered by plaintiff's attorney placing the action on the special calendar for the trial of short causes, and striking his action from such special calendar, defendant appeals.   Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David Neumark, for appellant.
Hugo Hirsh, for respondent.

PER CURIAM.   It was conceded on the argument of this case that judgment had been taken by default, and the real question to be decided here is whether the defendant shall be given relief on this appeal, or whether he shall be left to his remedy of making a motion to open the default.   It is not necessary to go into a dis-

cussion of the merits of this case, nor is there any question that precedent can be found for the practice which is here proposed; but it does not seem to us compatible with the dignity of the trial court that its regulations adopted for the purpose of facilitating the discharge of its duties should be subject to review by this court, where no substantial right of either party is involved. It is necessary that the justices holding the trial terms should exercise exclusive control over their own calendars, and the defendant having a remedy for any wrong which he may have suffered by reason of the judgment being taken against him by default, by moving to vacate the judgment entered against him, we are not disposed to reverse the order of the trial court. Rule 37 prescribes that no stay shall be effective unless granted by the judge appointed to hold the trial term, or unless contained in an order to show cause returnable on the first day of the term. So far, therefore, as the order of the special term appealed from refused to strike the cause from the calendar of a trial term held by another justice, it seems to us unquestionably correct. Even had the application been made to the judge holding the trial term, and by him refused, we doubt the advisability of reviewing such action by a direct appeal. It is conceded that a party may oftentimes be subjected to hardships and annoyance by an erroneous ruling of the trial court, either refusing to postpone a trial or directing a trial to proceed when there is no valid notice of trial; but the inconvenience that will arise from entering orders on decisions of trial courts with reference to these matters, and hearing appeals from such orders, will be very great. Such proceedings, to be of practical advantage to the aggrieved party, generally require that the proceedings in the action should be stayed. If such a practice is to obtain, all the evils sought to be prevented by the rule cited will occur. It is not the refusal to strike the case from the calendar, but the direction made, when the case is called, that the trial proceed, that is the real determination or decision of the court; and this latter, in our opinion, should be considered a ruling on the trial, under section 992 of the Code of Civil Procedure, and the subject of exception, to be corrected either by appeal from the judgment or by motion to set it aside. See Nutting v. Railroad Co., 3 App. Div. 423, 38 N. Y. Supp. 654.

The appeal is dismissed, without costs.